APOSTOLIC REVIVAL TABERNACLE, Plaintiff-Appellee, *v.* CHARLES J. FEBEL, INC., Defendant-Appellant.

(No. 54907; ■

First District—December 16, 1970.

Robert J. Hourigan, of Chicago, for appellant.

Bertram A. Stone, of Chicago, for appellee.

Mr. PRESIDING JUSTICE STAMOS delivered the opinion of the court:

This action was commenced to recover damages for breach of contract. The trial court, sitting without a jury, entered judgment in plain-

tiff's favor in the amount of $1,701.00. Defendant contends that there is no contract between the parties upon which to predicate this judgment; that defendant's offer had not been accepted by the person to whom it had been made.

■■ No appearance or brief was filed in this court by appellee; but we believe it essential to consider every appeal on its merits. *Daley v. Jack's Tivoli Liquor Lounge, Inc.* (1969), 118 Ill.App.2d 264, 254 N.E.2d 814.

Plaintiff is a not-for-profit corporation, founded by Reverend Wallace Reid, its Pastor and president. In the first week of April, 1967, he had a conversation with Charles J. Febel, president of defendant corporation and requested its bid regarding masonry work. He furnished Febel with blue prints and specifications of a proposed church structure. On April 17, 1967, Febel came to Reverend Reid's office with defendant's bid addressed to Reverend Reid which recited the work and labor to be furnished at a price of $11,249.00. Reverend Reid signed the bid as follows:

"Apostolic Revival Tabernacle
By: Rev. Wallace Reid"

On or about May 10, 1967, Reverend Reid telephoned Febel and advised him that it was time to proceed with the masonry work. Febel was engaged in work on other structures at the time and advised Reverend Reid to secure the services of another masonry contractor. Reverend Reid testified that he did not remember asking that defendant release him from the contract, but testified, "I called him and explained to him that we had a contract and I was not free to get anyone else." Febel then mailed a leter to Reverend Reid commencing with the salutation "To whom it may concern" and stated that Reverend Reid was released by defendant from any masonry contracts concerning work on the church. Febel testified that the foregoing letter was provided at Reverend Reid's request so he could secure the services of another masonry contractor. Another masonry contractor was then engaged and the required work was performed, but at a cost of $1,701.00 in excess of defendant's bid, whereupon this lawsuit was initiated.

■■■ An offeror has the right to choose with whom he deals and an offer cannot be accepted by one to whom it is not offered. *Brook v. Oberlander*, 49 Ill.App.2d 312. In *Davito v. Blakely* (1968), 96 Ill.App.2d 196, at page 201, this court quoted with approval 12 AM JUR, *Contracts* § 38 as follows:

"To constitute a valid contract, the minds of the parties must have met on the identity of persons with whom they are dealing. Everyone has

a right to select and determine with whom he will contract and another cannot be thrust upon him without his consent."

Defendant's offer was made to Reverend Reid individually, and the "acceptance" relied on by plaintiff does not purport to have been made by him in his individual capacity. Therefore, no contract came into being.

The trial court's judgment was contrary to the evidence and is reversed.

Judgment reversed.

DRUCKER and ENGLISH, JJ., concur.