FALCO, INC., Plaintiff-Appellee, *v.* DANIEL MASON BATES, Defendant-Appellant.

(No. 12640; )

Fourth District—July 31, 1975.

Richard R. Syre, of Normal, for appellant.

Thomson, Thomson, Zanoni & Flynn, of Bloomington, for appellee.

Mr. JUSTICE GREEN delivered the opinion of the court:

Larry Wallraven resided as a tenant in the Falcon Motel, owned by the plaintiff Falco, Inc., for a period of 10 weeks and incurred expenses in the amount of $101.86. Wallraven left the motel without paying his bill. About 1 week later, the manager of the motel learned of the whereabouts of Wallraven. The manager contacted the police, told the police that he wanted to collect the money, and told the police of the address of Wallraven. The police took Wallraven into custody. Wallraven was taken to the Falcon Office and, then, to the police station. While at the station, Wallraven talked with a friend, the defendant Bates, who agreed to write a personal check in the amount of $101.86 to the order of the Falcon Motel so that Wallraven would be released from custody. Wallraven promised to repay Bates as soon as he was released and could get his checkbook. Wallraven, accompanied by a police officer, returned to the motel office and gave Bates' check for $101.86 to the manager. Wallraven apparently left for parts unknown. Within a few days, Bates

decided that he was not going to be repaid by Wallraven. As a result, Bates filed a stop payment order for the check. Falco filed a small claims action against Bates in order to recover the $101.86. The trial court held in favor of Falco, and Bates appeals from that judgment.

At trial, the parties stipulated that Falco did not furnish any services whatsoever to Bates. There was no consideration passing from Falco to Bates to support Bates' liability on his check. Further, the parties agree that the mere drafting of a check by a drawer does not constitute an assignment of the funds designated. Therefore, the timely filing of a stop payment order here, without more, would operate to extinguish any liability of Bates to Falco.

Upon what theory, then, did the trial court rely in order to find Bates liable to Falco? We note first that the trial court did not rest its decision upon a third-party beneficiary contract theory and could not properly have done so. In order to have constituted a third-party beneficiary contract giving rise to a right of action for enforcement by Falco, the agreement between Wallraven and Bates would have to have been intended to directly benefit Falco (see *Carson Pirie Scott & Co. v. Parrett*, 346 Ill. 252, 178 N.E. 498.) Such was clearly not the case here. Bates wrote the check in order to obtain the release from police custody of his friend Wallraven, and any benefit accruing to Falco was merely incidental.

■■ The trial court based Bates' liability upon the doctrine of promissory estoppel. The trial court apparently concluded that Bates, in drawing the check, had promised to pay Falco and that Falco had thereby been induced to forbear from pursuing other forms of remedies for satisfying its debt against Wallraven. The court suggested that Falco might have filed a civil suit, used its innkeeper lien, or preferred criminal charges. Thus, the court held that Bates was estopped to stop payment on the check. However, Falco presented no evidence to establish that it had relied to its detriment upon Bates' drawing of the check. There was no showing that Wallraven had any property which could have been subject to a lien or which could have been attached, and there was no showing that Falco had refrained from filing a civil suit against Wallraven or that the filing of such a suit might have been fruitful. Further, it is contrary to public policy to condition forbearance from filing criminal charges upon the making of restitution. Indeed, an agreement to do so would constitute the offense of compounding a crime (Ill. Rev. Stat. 1973, ch. 38, § 32—1). Yet, the party alleging promissory estoppel must prove that the adverse party should have reasonably expected its conduct to induce action or forbearance of a definite and substantial character and that such action or forbearance has actually been induced (*Bank of Marion v. Robert "Chick" Fritz, Inc.*, 57 Ill.2d 120, 311 N.E.2d 138). In

the absence of proof of forbearance by Falco, the finding of the trial court was unsupported by the evidence, and we shall reverse.

Finally, we feel compelled to comment upon the conduct apparently employed by Falco and the police to coerce Wallraven to satisfy his alleged debt to Falco. Falco's agent contacted the police and informed them of the allegedly unpaid debt owed by Wallraven, and the police took Wallraven into custody and held him until the debt was paid. Although we do not approve of Wallraven's flight to avoid payment of his bill, we cannot condone the conduct of police in collecting private debts.

Accordingly, the judgment of the trial court is reversed.

Judgment reversed.

TRAPP, P. J., and CRAVEN, J., concur.