BEATRICE BOLDEN *et al.*, Plaintiffs-Appellants, *v.* GENERAL ACCIDENT, FIRE AND LIFE ASSURANCE CORPORATION, LTD., d/b/a General Accident Group, Defendant-Appellee.

First District (2nd Division)   No. 82—1853

Opinion filed November 8, 1983.

Joseph L. Dombrowski and Marc E. Levine, both of Chicago, for appellants.

Marsha Kay Ross and Willis R. Tribler, both of Haskell & Perrin, of Chicago, for appellees.

JUSTICE HARTMAN delivered the opinion of the court:

Plaintiffs appeal from an order sustaining defendant's motion to dismiss their second amended complaint for failure to state a cause of action. The issue presented on appeal is whether plaintiffs' second amended complaint failed to state a cause of action in promissory estoppel.

Plaintiffs, injured in a multi-car collision on June 20, 1979, filed an unverified complaint on December 28, 1979, which alleged that they were beneficiaries of an agreement between Aetna Casualty & Surety Company (Aetna) and defendant General Accident, Fire and Life Assurance Corporation (General), insurers of two other parties to

the collision, and that plaintiffs had been damaged by virtue of defendant's breach of the agreement. Following General's answer, which denied the existence of such an agreement, and motion to dismiss the complaint, an unverified amended complaint was filed on March 31, 1981, again based on the theory that plaintiffs were third-party beneficiaries of the agreement between the insurers. General filed another answer, which again denied that the agreement ever existed, and a motion to dismiss. Plaintiffs were granted leave to file a second amended complaint on August 18, 1981.

The unverified, second amended complaint, the subject of this appeal, among other things, alleges that: General and Aetna entered into an agreement whereby each was to pay plaintiffs $20,000 to settle plaintiffs' claims against their respective insureds; Aetna performed its obligations under the agreement; General is estopped from failing to perform its part of the agreement because plaintiffs have relied upon it to their detriment; General refused to honor plaintiffs' request for payment; and plaintiffs were damaged in that they had released Aetna's insured from any further claim and were also damaged in the amount of $20,000 by General's breach of the agreement. The alleged agreement was not appended to the complaint.

General filed a motion to dismiss on August 28, 1981, alleging in relevant part that the second amended complaint fails to state a cause of action for promissory estoppel in that it fails to allege: (1) any promise made to plaintiffs; (2) plaintiffs' reliance upon this promise; and (3) damages since plaintiffs did not release General's insureds and had, in fact, brought suit against them during the pendency of the present litigation.

On June 25, 1982, the circuit court sustained General's motion and dismissed, with prejudice, the second amended complaint for failure to state a cause of action. Leave to amend was denied after a colloquy between the court and plaintiffs' counsel in which the latter acknowledged the absence of facts to support plaintiffs' theory.

Plaintiffs' second amended complaint sounds in promissory estoppel. At the hearing on the motion to dismiss, plaintiffs' attorney argued only as to the cause of action in promissory estoppel. Although the arguments in plaintiffs' briefs exclusively address this theory, the conclusions of these briefs also refer to the alternative theory that plaintiffs were injured as third-party beneficiaries when General breached its agreement with Aetna. General's brief does not address this alternative theory, and maintains that promissory estoppel was the sole theory attacked in its motion to dismiss.

■■ ■ As a general rule, prior, unverified pleadings are super-

seded by amended pleadings. (*Burdin v. Jefferson Trust & Savings Bank* (1971), 133 Ill. App. 2d 703, 269 N.E.2d 340.) Plaintiffs therefore cannot rely on the contents of their earlier complaints raising the third-party beneficiary theory to support their opposition to the motion to dismiss. (*Cipolla v. Bloom Township High School District No. 206* (1979), 69 Ill. App. 3d 434, 388 N.E.2d 31.) The only matter properly to be considered by the circuit court upon the motion to dismiss was the second amended complaint, which sought to articulate an action based only upon promissory estoppel. The purpose of pleadings is to present, define, and narrow issues in order to limit the proof needed at trial (*Pelham v. Griesheimer* (1982), 92 Ill. 2d 13, 17, 440 N.E.2d 96, *aff'd* (1981), 93 Ill. App. 3d 751, 417 N.E.2d 882). Plaintiffs, having had two opportunities and almost two years to amend their pleadings, should have decided upon and perfected their theory of recovery. (See *Knaus v. M.R.C. Finance Corp.* (1945), 327 Ill. App. 214, 63 N.E.2d 671.) They abandoned the third-party beneficiary theory in favor of one now before us, promissory estoppel.

■ An action in promissory estoppel must assert the following elements: (1) an unambiguous promise; (2) reliance thereon by the party to whom the promise is made; (3) the reliance is expected and foreseeable by the party making the promise; and (4) the party to whom the promise is made in fact relies upon it to his or her injury. *Dale v. Groebe & Co., Realtors* (1981), 103 Ill. App. 3d 649, 653, 431 N.E.2d 1107; *Illinois Valley Asphalt, Inc. v. J. F. Edwards Construction Co.* (1980), 90 Ill. App. 3d 768, 413 N.E.2d 209; *S.M. Wilson & Co. v. Prepakt Concrete Co.* (1974), 23 Ill. App. 3d 137, 139, 318 N.E.2d 722.

■ In considering a motion to dismiss, a trial court must accept as true all well-pleaded facts, as well as any reasonable inferences that can be drawn from those facts. (*Panorama of Homes, Inc. v. Catholic Foreign Mission Society, Inc.* (1980), 84 Ill. App. 3d 142, 145, 404 N.E.2d 1104.) Plaintiffs allege that an agreement was made between General and Aetna; that plaintiffs relied upon this agreement; and that they were damaged by releasing Aetna's insured from liability. Although it would be reasonable to infer that plaintiffs had knowledge of the agreement and that their release of Aetna's insured was induced by this knowledge, the instant complaint makes no claim that General ever made any promise to them. Plaintiffs correctly concede that there are no cases in Illinois which have allowed anyone other than the promisee to proceed on a promissory estoppel theory. Here, plaintiffs were not promisees and therefore are not authorized to bring an action in promissory estoppel under present law. *Levitt*

*Homes, Inc. v. Old Farm Homeowners' Association* (1982), 111 Ill. App. 3d 300, 314-15, 444 N.E.2d 194; *Dale v. Groebe & Co., Realtors* (1981), 103 Ill. App. 3d 649, 653, 431 N.E.2d 1107; *Brook v. Oberlander* (1964), 49 Ill. App. 2d 312, 318, 199 N.E.2d 613.

Plaintiffs suggest that Illinois law be changed to accommodate the rights of a third party with respect to a promise involving two other parties, by adopting the rule posited in section 90 of the Restatement (Second) of Contracts (1981), which provides in relevant part:

> "A promise which the promisor should reasonably expect to induce action or forebearance on the part of the promisee *or a third person* and which does induce such action or forebearance is binding if injustice can be avoided only by enforcement of the promise." (Emphasis added.)

The foregoing language squarely conflicts with case precedent on this issue. Although plaintiffs cite no cases from other jurisdictions which have accepted the third-party theory of recovery, several decided in other jurisdictions have done so. In *Hoffman v. Red Owl Stores, Inc.* (1965), 26 Wis. 2d 683, 698, 133 N.W.2d 267, 275, the Wisconsin Supreme Court, while adopting section 90, emphasized the necessity that the third-party beneficiary theory be applied only where it would serve to "avoid injustice," the determination of which would be a policy decision of the court. In *Hoffman*, recovery by a third party was permitted where that party sold a building at a financial loss and where defendants had actually requested the sale. The same State court, again seeking to avoid injustice, later declined to apply the third-party beneficiary theory in *Silberman v. Roethe* (1974), 64 Wis. 2d 131, 218 N.W.2d 723, because plaintiff's asserted loss as a result of his reliance could not be determined. The California supreme court applied the third-party theory to permit recovery on the basis of defendant's affirmative representations in order to prevent "fraud upon one who has been deliberately led to rely thereon." (*Burgess v. California Mutual Building & Loan Association* (1930), 210 Cal. 180, 188, 290 P. 1029, 1032.) Thereafter, recovery by third parties was permitted in California where their reliance involved leaving "their previous employment, investing and pledging their fortunes and securing the investments of others in substantial amounts." *Aronowicz v. Nalley's, Inc.* (1972), 30 Cal. App. 3d 27, 45, 106 Cal. Rptr. 424, 435; see Knapp, *Reliance in the Revised Restatement: The Proliferation of Promissory Estoppel*, 81 Colum. L. Rev. 52, 61-62 (1981).

In view of the substantial nature of the detriment apparent in these decisions, the instant case would not provide the best vehicle for effectuating a change in Illinois law, even if desirable, for several rea-

sons. First, whether an agreement between General and Aetna actually existed is unclear. Second, plaintiffs have failed to adequately allege the requisite detriment. (*Dale v. Groebe & Co., Realtors* (1981), 103 Ill. App. 3d 649, 653, 431 N.E.2d 1107.) After section 90 of the Restatement of Contracts (1932) was adopted, its requirement of "action or forebearance of a definite and substantial character" was read to emphasize the necessity of an expenditure of funds or the incurring of a legal liability. In *S.M. Wilson & Co. v. Prepakt Concrete Co.* (1974), 23 Ill. App. 3d 137, 318 N.E.2d 722, the court focused on the "detrimental change of position because of the promise [as] *** an essential element if promissory estoppel is to apply." (23 Ill. App. 3d 137, 141.) In that case, as well as in *Illinois Valley Asphalt, Inc. v. J.F. Edwards Construction Co.* (1980), 90 Ill. App. 3d 768, 413 N.E.2d 209, the change of position involved a financial loss to plaintiff contractor who, having relied on a bid by defendant subcontractor, was forced to engage another subcontractor after defendant refused to perform.

Plaintiffs urge that their delay in bringing suit against General's insureds was a sufficient change in position as to invoke an estoppel. Significantly, plaintiffs make no claim that they were asked either to forego legal action or to delay in filing their lawsuit as in *Redarowicz v. Ohlendorf* (1981), 95 Ill. App. 3d 444, 420 N.E.2d 209, upon which they rely. That case, however, does not deal with promissory estoppel but with a contract in which a promise to forego filing suit was held to be valid consideration. Delay in filing suit was considered in *Wells v. Lueber* (1976), 43 Ill. App. 3d 973, 358 N.E.2d 293, cited by both parties. There, settlement negotiations between an insurance company and plaintiff's attorney took place in which the insurance company gave assurances that plaintiff's claim would be settled without suit. The insurance company subsequently refused to settle, while the statute of limitations had expired. The court held that where the insurance company engages in "conduct calculated to lull the plaintiff into a reasonable belief that the case would be settled without suit and that the defense of the statute of limitations would not be asserted," the insurer would be estopped from relying on the statute of limitations as a defense. (43 Ill. App. 3d 973, 975.) No such assurances were alleged by plaintiffs in the case at bar.

■ Furthermore, under *Wells*, mere delay in filing suit was not the principal basis for invoking estoppel; the delay complained of there permitted the statute of limitations to expire. In the case at bar, the statute of limitations had not expired and, in fact, plaintiffs had already brought suit against General's insureds at the time the second

amended complaint was filed. Moreover, in *Wells*, the insurer negotiated directly with plaintiff's attorney; here, negotiations did not involve plaintiffs or their attorney. In fact, no contact of any kind between plaintiffs and defendant, prior to plaintiffs' demand for payment, is alleged. Under the allegations in the instant complaint, General's conduct cannot be characterized as an attempt to lull plaintiffs into believing that their case would be settled.

Other cases also suggest that delay in filing suit is an insufficient change of position to invoke estoppel. In *Bank of Naperville v. Catalano* (1980), 86 Ill. App. 3d 1005, 408 N.E.2d 441, plaintiff bank brought an action in restitution because it had mistakenly paid money to defendant. One theory proposed by defendant was that, in reliance on the payment, he had not filed suit against the bank on an unrelated transaction. The court found that because the unrelated claim was not barred by the statute of limitations, and no other injury had been shown, there was insufficient change of position to create an estoppel. In *Falco, Inc. v. Bates* (1975), 30 Ill. App. 3d 570, 334 N.E.2d 169, plaintiff, a motel owner, accepted a check from defendant in satisfaction of a debt owed to defendant by a third party, defendant's friend. Plaintiff then refrained from bringing suit against the third party; instead, plaintiff sued defendant when the latter stopped payment on the check. The court rejected the trial court's conclusion that plaintiff's delay in filing suit, in using its innkeeper's lien, or in preferring criminal charges against the third party, were of such a "definite and substantial character" as to invoke estoppel. 30 Ill. App. 3d 570, 571.

Plaintiffs argue that they suffered detriment by releasing Aetna's insured from liability, since their case against General's insureds thereby has been "greatly weakened." The release of Aetna's insured was part of a separate agreement supported by separate consideration: Aetna paid plaintiffs $20,000 in exchange for the release. Although plaintiffs are precluded from joining Aetna's insured in their action against General's insureds, there would be little problem, as General observes, in bringing Aetna's insureds before the court to testify under subpoena.

■ Plaintiffs' second amended complaint failed to state a cause of action in promissory estoppel and was properly dismissed. The dismissal order of the circuit court must therefore be affirmed.

Affirmed.

STAMOS and PERLIN, JJ., concur.