**UNITED STATES of America, Plaintiff,**

v.

**Lee A. IVERSON, David E. Rapoport, and Katz, Friedman, Schur and Eagle, Chtd., Defendants.**

**No. 85 C 1434.**

United States District Court, N.D. Illinois, E.D.

May 30, 1985.

---

**928**

Anton R. Valukas, U.S. Atty. by Martin B. Lowery, Asst. U.S. Atty., Chicago, for plaintiff.

E. Bryan Dunigan, Chicago, for defendants.

## ORDER

BUA, District Judge.

Before the Court are defendants' motion to dismiss and plaintiff's motion for summary judgment. For the reasons stated herein, defendants' motion to dismiss is denied and plaintiff's motion for summary judgment is granted.

### I. FACTS

This is an action based on breach of contract and promissory estoppel brought by the plaintiff United States for the Veterans Administration (VA). The action seeks to recover certain medical expenses from the defendants, who acted as attorneys for Howard Jones, a former patient at two VA hospitals. From October 9, 1980 through approximately February 16, 1983, defendants' client Howard Jones received both inpatient and outpatient treatment for a work related injury in VA facilities at Hines and West Side hospitals in the Chicago area. Defendants filed a workers' compensation proceeding with the Illinois Industrial Commission on Jones' behalf, naming as respondent Jones' employer, the Chicago Housing Authority (CHA).

In order to establish their client's injuries, period and extent of disability and medical expenses, defendants addressed a series of letters to the VA requesting hospital and medical records, medical history, objective and subjective complaints, objective findings, X-rays, prognosis, diagnosis, medical opinion as to the extent and time period of disability, if any, and relevant medical expenses.

The VA responded by informing defendants that, pursuant to 38 C.F.R. § 17.48 and Section 138.8 of Chapter 48, Illinois Revised Statutes, the VA was entitled to reimbursement for medical expenses incurred by a workers' compensation claimant treated in a VA facility. The VA also requested defendants' cooperation in asserting the bill for VA medical expenses and, in return, offered to furnish medical records and testimony at no cost. In addi-

tion, the VA agreed not to intervene in the defendants' conduct of the workers' compensation proceeding upon defendants' assurance that the VA medical bill would be part of any settlement or award.

In his letter of December 16, 1981, Lee A. Iverson, one of the defendants, stated to the VA that "if the Veterans Administration will supply me with Mr. Jones' medical records, I will agree to protect the agency's bills for any work-related medical treatment they may have rendered to Mr. Jones." (Exhibit 5 to Plaintiff's Complaint.) By letters dated May 6, 1981, February 12, 1982, and June 16, 1982, plaintiff supplied defendants with Jones' medical records and the requested billing information.

Plaintiff requested defendants to keep it advised as to the status of the case on several occasions. (Exhibits 3, 6, 9, 10, 11 and 12 to the Complaint.) However, defendants neither informed plaintiff of any settlement offer made by the CHA, nor informed plaintiff of the approved settlement dated February 16, 1983, until October 6, 1983, after all monies had been disbursed. Finally, defendants obtained an indemnity agreement as part of the settlement package by which the CHA agreed to defend or indemnify the defendants and Jones in the event that the VA brought an action against them to collect medical expenses which the VA incurred relative to Jones' injury. Before the Court is just such a collection action.

## II. DISCUSSION

In support of their motion to dismiss, defendants argue that there was no consideration to support a contract. In support of this argument, the defendants point out that Jones was entitled to his VA medical reports and records so that the VA's promise to furnish them is a promise to do something which it was already legally obligated to do and therefore was not sufficient consideration. In the alternative, defendants contend that, at most, they agreed to present the VA medical bill to Jones' employer for payment and to the Industrial Commission arbitrator, if the case went that far, which it didn't. Finally, defendants argue that, even if they agreed to represent the VA's interest in Jones' medical bill, the VA was entitled only to reasonable and necessary treatment causally related to the work-related injury. The defendants contend that these expenses were not part of the settlement award because the award specifically stated that the CHA denied liability for any such expenses.

Plaintiff counters that the contract was supported by sufficient consideration, *i.e.,* the forebearance of the VA's right to intervene in the workers' compensation proceeding. The VA further argues that the defendants are liable for the VA medical bill under the doctrine of promissory estoppel since they made a promise to protect the VA's interest, the VA reasonably relied on the promise to its detriment, and the defendants failed to fulfill their promise. In addition, the VA contends that the defendants cannot argue that the medical expenses were not caused by Jones' work-related injury because they requested the medical reports, records and doctors' opinions for the purpose of making such a causal connection.

### A. *Defendant's Motion to Dismiss*

A complaint should be dismissed for failure to state a claim only if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Car Carriers, Inc. v. Ford Motor Co.,* 745 F.2d 1101, 1106 (7th Cir.1984). A complaint must contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory. *Sutliff, Inc. v. Donovan Cos.,* 727 F.2d 648, 654 (7th Cir.1984). In addition, all well-pleaded facts and allegations in plaintiff's complaint must be taken as true in addressing a motion to dismiss. *Id.*

In the present case, it is clear that plaintiff's complaint alleges facts under which it could prove either a breach of contract action or an action under promis-

sory estoppel. The exhibits to the complaint contain letters from defendant Iverson from which one could reasonably infer the existence of an agreement, or at the very least, his promise. Other letters from the VA which are exhibits to the complaint demonstrate the potential for consideration, *i.e.*, providing medical records and testimony, and forebearance of the right to intervene. The reasonableness, necessity and work-relatedness of the treatment and medical expenses are all well-pled in the complaint. Therefore, the Court finds that the plaintiff's complaint is more than adequate to satisfy the federal pleading requirements and survive defendants' motion to dismiss for failure to state a claim, which is accordingly denied.

### B. *Plaintiff's Motion for Summary Judgment*

Pursuant to Fed.R.Civ.P. 56, a motion for summary judgment should be granted only if there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Rule 56(e). However, to create a question of fact, an adverse party responding to a properly made and supported summary judgment motion must set forth specific facts showing that there is genuine issue for trial. Rule 56(e); *Posey v. Skyline Corp.*, 702 F.2d 102, 105 (7th Cir.1983). A party may not rest on mere allegations or denials in his pleadings; similarly, a bare contention that an issue of fact exists is insufficient to raise a factual issue. *Id.* Rule 56 of the Federal Rules of Civil Procedure clearly requires that an adverse party set forth specific facts showing a genuine issue for trial. *Id.*

In its motion for summary judgment, the plaintiff refers to the exhibits attached to its complaint to support its two contentions: (1) that there was valuable consideration to support a contract or detrimental reliance based on a promise sufficient to support promissory estoppel; and (2) that the VA medical expenses were reasonable, necessary, and incurred in connection with Jones' work-related injury. Defendants merely argue that the facts do not support

an action for breach of contract or one based on promissory estoppel. However, defendants do not and most likely could not deny the existence of Iverson's statements in the letters submitted by the VA. Therefore, while defendants argue a different result than the plaintiff, they do not deny the plaintiff's facts or present other facts to counter plaintiff's inferences.

The only fact which defendants bring to light is the indemnification agreement between Jones, defendants and the CHA. This indemnification does not prevent the VA from commencing a collection action against the defendants.

Taking the plaintiff's facts as undisputed, the Court must determine whether those facts and their reasonable inferences support a claim for breach of contract or one under promissory estoppel. Since the question of sufficient consideration to support a contract is unclear here, the Court finds that it is more appropriate to analyze plaintiff's cause of action as one under the doctrine of promissory estoppel. The promissory estoppel analysis is appropriate because that doctrine is usually considered a substitute for consideration. *Bank of Marion v. Robert "Chick" Fritz, Inc.*, 57 Ill.2d 120, 311 N.E.2d 138, 140 (1974).

Promissory estoppel is an equitable doctrine invoked to prevent a person from being injured by a change in position made in reliance on another's conduct. *Kalins v. Malco, A Microdot Co., Inc.*, 121 Ill.App.3d 520, 459 N.E.2d 1038, 1045, 76 Ill.Dec. 903, 910 (1st Dist.1984). The doctrine is comprised of the following elements: (1) a promise, (2) which the promisor should reasonably expect to induce action or forebearance of a definite and substantial character on the part of the promisee, (3) which induces such actions or forebearance, and (4) which must be enforced in order to avoid injustice. *Id.; Bolden v. General Acc., Fire & Life Assur.*, 119 Ill.App.3d 263, 456 N.E.2d 306, 308, 74 Ill.Dec. 804, 806 (1st Dist.1983).

First, Iverson's statement in Exhibit 5 to the Complaint cited earlier constituted

a promise to protect the VA's bill for any work-related medical treatment which the VA rendered to Jones. Defendants' argument that the VA failed to establish that the medical expenses were work-related is rejected by the Court as inconsistent with Exhibit 7 to the complaint. Exhibit 7, a letter from one of the defendants, specifically requests evidence of work-related medical expenses and closes with the statement: "With this information I will do everything that I can to protect your interest in this litigation." In addition, Exhibit 14 to the Complaint, the settlement form, sets forth $14,232 in VA medical bills. In light of these exhibits, the Court finds the defendants' argument that the VA medical bills were not work-related to be disingenuous and without merit, notwithstanding the CHA's disclaimer of liability in the settlement agreement.

Second, the VA could reasonably rely on the defendants' promise that they would protect its interest in the litigation with the CHA. In addition, the unanswered letters from the VA to the defendants requesting information updates regarding the progress of Jones' claim show that the VA actually relied on the promise.

Third, in reliance on the defendants' promise, the VA promised not to intervene in the workers' compensation proceeding before the Illinois Industrial Commission. Therefore, the promise induced forebearance of the VA's right to intervene to protect its interests, notwithstanding the fact that the case settled before being heard by an arbitrator of the Commission.

Fourth, the defendants' promise to protect the VA's interest in its medical bills must be enforced in order to avoid the case being settled without the VA receiving its reimbursement. In all likelihood, this collection action will not result in money taken out of the lawyer-defendants' pockets, but out of the employer CHA's pocket. The indemnification agreement between Jones, the defendants, and the CHA essentially prevents the CHA from settling with injured employees and their attorneys without paying the employee's hospital bills.

This may have been what was attempted by the CHA in this case.

## III. CONCLUSION

Since the plaintiff has satisfied all four elements for an action based on promissory estoppel from the undisputed facts, the Court grants summary judgment in plaintiff's favor in the amount of $14,232. The parties will bear their own costs. Accordingly, defendants' motion to dismiss is denied.

IT IS SO ORDERED.