PETER TORRES, Plaintiff-Appellant, v. AMOCO CORPORATION, Defendant-Appellee.

First District (3rd Division)   No. 1—88—0617

Opinion filed July 12, 1989.

Steven J. Rosenberg, P.C., of Chicago, for appellant.

Michael A. Weinbaum, of Chicago, for appellee.

JUSTICE WHITE delivered the opinion of the court:

Plaintiff, Peter Torres, appeals from an order of the circuit court of Cook County, Illinois, granting the motion of defendant, Amoco Corporation, to dismiss the complaint. Plaintiff maintains that the complaint states a cause of action for breach of an employment contract and that the circuit court erred in granting the motion to dismiss. We hold that the statements made by defendant were not specific enough to support the formation of a contract, and we affirm the dismissal of the complaint.

The facts alleged in the complaint follow.

Plaintiff was hired by defendant in April 1970. He progressed steadily up the career ladder, each year receiving either highly satisfactory or satisfactory performance reviews. Throughout the course of plaintiff's employment, defendant made policy statements regarding the conditions of plaintiff's employment.[1] In addition, in 1985, Ed Cagswell, the manager of the data management department in which

---

[1]Plaintiff cites the following statements made by defendant:

"From the point of view of employees, professional growth and advancement are a reward for good performance and the motivation to achieve."

"The individual is ultimately responsible for his or her own career."

"The 'Satisfactory' rating has been redefined to reflect a good, *solid* employee who is performing at normally expected levels. Consistent with this new definition, solid performers are candidates for promotion."

"By evaluating most importantly what our employees have accomplished with regard to their objectives, and further, how they went about accomplishing them, we should be in a position to honestly rate each employee and offer

plaintiff worked, stated at a lunch meeting that politics would not play any part in personnel decisions.

In 1983, Somchay S. Harnack began working in the data management department. Mrs. Harnack is the wife of one of defendant's high level managers. Although Mrs. Harnack was unable to perform certain critical tasks, she was offered job opportunities which were not offered to plaintiff. Plaintiff's job performance was superior to that of Mrs. Harnack.

Beginning in 1986, plaintiff's supervisor, Gregory Liedtke, began criticizing plaintiff's job performance, despite the fact that plaintiff's job performance had remained at the same high level throughout his employment. In February 1987, plaintiff was told that he would have to transfer out of the data management department, whereas Mrs. Harnack would be allowed to remain in the department. On April 6, 1987, plaintiff was transferred to a position as a micromations operator. Plaintiff's new position is a dead-end position relative to the position he occupied in the data management department.

On June 5, 1987, plaintiff commenced this action for breach of employment contract. Plaintiff claimed that his transfer to the micromations department was in violation of the promises made by defendant that plaintiff's professional growth and advancement would be determined by his job performance. Plaintiff also claimed that he has lost substantial career opportunities, including pay raises and opportunity for professional advancement.

OPINION

■ Prior to discussing the sufficiency of the complaint, it will be helpful to discuss the principles that apply to a motion to dismiss. Plaintiff's complaint was dismissed pursuant to a motion filed under section 2—615 of the Illinois Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—615). Such a motion admits all well-pleaded facts in the complaint, and they must be taken as true. (*Payne v. Mill*

---

appropriate rewards and continuous feedback and assistance in their development."

"*Some Fundamental Principles*—To reward employees on the basis of how well they perform their job."

"*Job Performance*—How well you do your job is the final factor in determining how much you earn."

"So in sum, whether you are talking about job level or salary treatment, the most important factor affecting your earnings potential is your own job performance."

"In overall perspective, Standard Oil's salary administration program *** treats each employee fairly."

*Race Inn* (1987), 152 Ill. App. 3d 269, 273, 504 N.E.2d 193.) Any reasonable inferences that can be drawn from those facts must also be taken as true. (*Bolden v. General Accident, Fire & Life Assurance Corp., Ltd.* (1983), 119 Ill. App. 3d 263, 266, 456 N.E.2d 306.) However, conclusions of law or conclusions of fact unsupported by allegations of specific fact are not admitted. (*Payne*, 152 Ill. App. 3d at 273; *Yardley v. Yardley* (1985), 137 Ill. App. 3d 747, 751, 484 N.E.2d 873.) A complaint is properly dismissed where it appears that no set of facts can be proved which will entitle the plaintiff to relief. (*Levitt v. Gorris* (1988), 167 Ill. App. 3d 88, 92, 520 N.E.2d 1169.) With these principles in mind, we turn to the merits of the case.

■ Plaintiff maintains that the statements made by defendant constituted promises that plaintiff's professional growth and advancement would be determined by his job performance and not by politics. Plaintiff claims that he accepted these promises by continuing to work for defendant. Plaintiff contends that an employment contract was formed upon his acceptance of defendant's promises, and that defendant breached the contract when plaintiff was transferred to the micromations department while Mrs. Harnack was allowed to remain in the data management department.

Plaintiff relies upon *Duldulao v. Saint Mary of Nazareth Hospital Center* (1987), 115 Ill. 2d 482, 505 N.E.2d 314, in support of his cause of action. In *Duldulao*, the Illinois Supreme Court held:

> "[A]n employee handbook or other policy statement creates enforceable contractual rights if the traditional requirements for contract formation are present. First, the language of the policy statement must contain a promise clear enough that an employee would reasonably believe that an offer has been made. Second, the statement must be disseminated to the employee in such a manner that the employee is aware of its contents and reasonably believes it to be an offer. Third, the employee must accept the offer by commencing or continuing to work after learning of the policy statement. When these conditions are present, then the employee's continued work constitutes consideration for the promises contained in the statement, and under traditional principles a valid contract is formed." (*Duldulao*, 115 Ill. 2d at 490.)

The supreme court was persuaded by the specific language in the policy statements made by the defendant to find a valid contract:

> "The amended handbook states that '[a]t the end of 90 calendar days since employment the employee becomes a permanent employee and termination contemplated by the hospital *cannot oc-*

*cur* without proper notice and investigation.' (Emphasis added.) It states that permanent employees '*are never* dismissed without prior written admonitions and/or an investigation that has been properly documented' (emphasis added), and that 'three warning notices within a twelve-month period *are required* before an employee is dismissed, except in the case of immediate dismissal.' (Emphasis added.)" (*Duldulao*, 115 Ill. 2d at 490-91.) The supreme court concluded that the statements created an enforceable right to the particular disciplinary procedures described therein and that the defendant's failure to provide the plaintiff with the required process violated her contractual rights.

■ Applying the law as stated in *Duldulao* to the facts in the present case, we hold that the statements made by defendant did not contain promises "clear enough that an employee would reasonably believe that an offer has been made." The statements did not detail specific procedures to be followed by defendant in certain situations. Nor did they outline various benefits that were to be conferred upon plaintiff under certain circumstances. The statements were nothing more than general statements of policy regarding the evaluation and advancement of defendant's employees. As such, the statements did not meet the contractual requirements for an offer. See *Kay v. United Technologies Corp.* (6th Cir. 1985), 757 F.2d 100, 101 (statement that "maximum effort by each of us in the future is the surest way we can contribute to the company's continued growth and our own job security" was not a sufficient basis for an employment contract); *Ellis v. El Paso Natural Gas Co.* (10th Cir. 1985), 754 F.2d 884, 886 (the following statement was too indefinite to constitute a contract: "[t]he Company will maintain a balanced compensation program applicable to all employees clearly relating to the skill, responsibility, experience and knowledge requirements of each position; performance of assigned duties; and competitive pay rates and salary ranges within the industry and operational area for comparable work. The objective of this policy is *** to remunerate all employees in return for the fulfillment of their responsibilities"); *Hunt v. IBM Mid America Employees Federal Credit Union* (Minn. 1986), 384 N.W.2d 853, 855 (the following language was not specific enough to constitute an offer: "you are the key to our success"; and "in terms of hiring and promotion, our aim is to attract the best people and to encourage their peak development by promoting within according to performance"); *Pine River State Bank v. Mettille* (Minn. 1983), 333 N.W.2d 622 (employee handbook section entitled "Job Security" was no more than a general statement of policy); *Koch v. Illinois Power Co.* (1988), 175 Ill. App.

3d 248, 529 N.E.2d 281 (general language of guidelines could not be taken as an offer); *McCutcheon v. Chicago Principals Association* (1987), 159 Ill. App. 3d 955, 513 N.E.2d 55 (the statement "legal representation from Association attorney" does not have the requisite certainty to impose a duty upon the association to provide the legal representation to which plaintiff alleges she is entitled).

■ Moreover, we note that one of the memoranda from which plaintiff has excerpted several of the statements which allegedly support his contract theory contains provisions for the transfer of employees from one department to another. The memorandum provides:

> "It's quite possible that, during your career with the company, you will be asked to accept a lateral reassignment, or movement between jobs evaluated at the same level. This may occur to reflect an organizational shift, to allow you to broaden your experience, or because you can best utilize your particular skills in another assignment. Often, a salary change does not occur at the time of a lateral move. A downward reassignment occurs when you are moved to a lower-level job for reasons other than job performance (e.g., reorganizations, reevaluations, etc.). In such a case, your salary won't be reduced if it is in line with the salaries of other employees at your new level."

The memorandum clearly provides that plaintiff could be transferred to another department for reasons other than plaintiff's job performance. Although plaintiff received good evaluations from his employer, plaintiff could not reasonably believe that his employer had contracted not to transfer him to any other department. See *Moore v. Illinois Bell Telephone Co.* (1987), 155 Ill. App. 3d 781, 508 N.E.2d 519 (it would not be reasonable for an employee to believe that defendant had made an offer in the incentive plan, and so no enforceable contractual rights were created by the plan).

■ We conclude that the statements made by defendant were not specific enough to support the formation of a contract. We are also of the opinion that plaintiff could not reasonably believe that he would not be transferred to another department. Accordingly, plaintiff has failed to state a cause of action for breach of an employment contract, and plaintiff's complaint was properly dismissed.

The order of the circuit court of Cook County is affirmed.

Affirmed.

FREEMAN, P.J., and CERDA, J., concur.