BARNES, J.,
for the Court:
¶ 1. Danny Smith was charged with felony shoplifting as a habitual offender under Mississippi Code Annotated section 99-19-81 (Rev.2007). Smith was also indicted on fourteen counts of uttering a forgery. On March 21, 2011, Smith pleaded guilty to the charge of shoplifting and was sentenced to ten years in the custody of the Mississippi Department of Corrections as a habitual offender, without eligibility for parole or probation, with credit for time served. For this conviction, he was also ordered to pay restitution of $839.24, plus all court costs and a $200 prosecution fee. In exchange for his guilty plea, the fourteen counts of forgery were retired to the inactive files.
¶ 2. However, although the forgery charges were retired, the Adams County Circuit Court entered an order requiring Smith to pay restitution in the amount of $34,304 to the victim of the forgeries, Brit-ton and Koontz Bank. The order also specified that the bank had the right to execute its judgment for the losses against Smith’s “vehicles and/or personal property seized by law enforcement authorities.” A couple of days later, a writ of garnishment was issued by the Adams County Circuit Clerk.
¶ 3. Smith filed a motion for post-conviction relief (PCR) on February 26, 2012, asserting that: (1) the requirement for him to pay restitution for the forgery charges subjected him to double jeopardy; and (2) allowing the bank to seize his personal property to satisfy the restitution violated his due-process rights. Smith’s PCR motion did not concern his guilty plea for his shoplifting conviction; rather, it requested that the circuit court quash the order demanding he pay restitution for the retired forgery charges.[1]
*1190 ¶4. The circuit court denied the PCR motion on June 11, 2012, finding that it did not have jurisdiction to address Smith’s claim regarding his violation of due-process rights and concluding that Smith was “not entitled to any relief on the merits, as there was a civil matter, which resolved the disposition as to his personal property as a result of his criminal activities.” The circuit court also found no merit to Smith’s claim of double jeopardy. Smith appeals, and finding no error, we affirm the judgment.[2]
STANDARD OF REVIEW
¶ 5. A PCR motion will be dismissed “[i]f it plainly appears from the face of the motion, any annexed exhibits[,] and the prior proceedings in the case that the mov-ant is not entitled to any relief!.]” Miss. Code Ann. § 99-39-11(2) (Supp.2013). “When considering the dismissal of a PCR motion on appeal, “we review the [circuit] court’s findings of fact for clear error.’ ” Pepper v. State, 96 So.3d 780, 783 (¶ 6) (Miss.Ct.App.2012) (quoting White v. State, 59 So.3d 633, 635 (¶ 4) (Miss.Ct.App.2011)).
I. Whether the order to pay restitution for the forgery charges subjected Smith to double jeopardy and was imposed in error.
¶ 6. Although Smith argues that the order to pay restitution for the forgery charges resulted in his being “twice punished for the same offense,” we find nothing to support this contention. In order to bar a second prosecution based on double jeopardy, “there must be an actual conviction on the merits.” Arrington v. State, 77 So.3d 542, 546 (¶ 11) (Miss.Ct.App.2011). In other words, “before an accused can claim a violation of the state’s Double-Jeopardy Clause, ‘the accused must first suffer an actual acquittal or conviction on the merits of the offense.’ ” Id. (quoting State v. Fleming, 726 So.2d 113, 115 (¶ 9) (Miss.1998)).
Both the history of the Double Jeopardy Clause and its terms demonstrate that it does not come into play until a proceeding begins before a trier “having jurisdiction to try the question of the guilt or innocence of the accused.” Without risk of a determination of guilt, jeopardy does not attach, and neither an appeal nor further prosecution constitutes double jeopardy.
Deeds v. State, 27 So.3d 1135, 1140 (¶ 13) (Miss.2009) (quoting Serfass v. United States, 420 U.S. 377, 391, 95 S.Ct. 1055, 43 L.Ed.2d 265 (1975)). Since Smith’s forgery charges were retired, he was never acquitted or convicted for the forgeries. Therefore, Smith’s claim of double jeopardy is without merit.
¶ 7. However, we do find the circuit judge’s order of restitution for’ the dismissed forgery charges warrants further discussion. Smith argues that since he “did not plead guilty to, nor was convicted of, the charge of [fourteen counts] of uttering a forgery, there was no victim of the crimes for which he was convicted and to whom he could be ordered to pay restitution.” Under Mississippi Code Annotated section 99-37-3(1) (Rev.2007), a circuit court has the authority to impose restitution for criminal activities for which the defendant is convicted. The statute states:
When a person is convicted of criminal activities which have resulted in pecuniary damages, in addition to any other sentence it may impose, the court may *1191 order that the defendant make restitution to the victim; provided, however, that the justice court shall not order restitution in an amount exceeding Five Thousand Dollars ($5,000.00).
(Emphasis added). As noted, Smith was not “convicted” of the forgery charges; the charges were dismissed.
¶ 8. Under the Mississippi statutory restitution scheme, however, “criminal activities” are defined as “any offense with respect to which the defendant is convicted or any other criminal conduct admitted by the defendant.” Miss.Code Ann. § 99-37-1(a) (Rev.2007) (emphasis added). The following is an excerpt from Smith’s plea hearing:
BY THE COURT: Pursuant to the agreement, the Court is going to dismiss or retire the other [forgery] charge[s] against you, and the restitution that in that matter that we had some discussion today, that’s not going to be a condition of you being prosecuted. You cannot be prosecuted on those other charges again.
BY THE DEFENDANT: Yes, sir.
BY THE COURT: But I am going to order that the restitution be paid because he’s guilty of these — not guilty. Excuse me. That’s the wrong word to use. Under the restitution statute, he’s admitted doing this and owes this restitution, but the difference is it’s not a condition where that can ever be brought up against you to be prosecuted even if this is not paid. Do you understand that?
BY THE DEFENDANT: Right.
BY THE COURT: So it’s more in the nature of almost like a civil matter....
BY THE DEFENDANT: Well, the bank has issued some on a civil order-on a civil action for that money.
BY THE COURT: Okay. Well, as the bank said, they offset what they were able to recover some of the money, but it was thirty something thousand dollars remaining. So you will be ordered to pay essentially civilly!,] and they will be entitled to a judgment against you, but it cannot be a condition of the criminal matter because the agreement that your attorney reached was for the criminal charge[s] to be dismissed. In other words, that’s going to wind up your criminal business with the Court.
BY THE DEFENDANT: Okay.
(Emphasis added).
¶ 9. Thus, Smith was informed at the hearing that the circuit judge was ordering restitution for the forgeries, and he made no objection.[3] Mississippi Code Annotated section 99-37-8(3) (Rev.2007) states: “If the defendant objects to the imposition, amount or distribution of the restitution, the court shall, at the time of sentencing, allow him to be heard on such issue.” However, the failure to object to the imposition of restitution during sentencing waives the issue on appeal. Harris v. State, 757 So.2d 195, 199 (¶ 19) (Miss.2000). While Smith did not expressly admit guilt regarding the forgery charges, we find the colloquy with the judge at the plea hearing provides, at the very least, a tacit admission by Smith. When the circuit judge noted that Smith admitted to the forgery charges, Smith does not launch any objection; rather, he responded, “Right.”
*1192 ¶ 10. Lastly, we note that Smith consented to restitution as part of his plea agreement. The Mississippi Supreme Court has held:
Although the authority to impose restitution flows from the adjudication of guilt or the defendant’s plea of guilty, that is not to say that restitution may not be imposed at any stage of the criminal process through informal, government-sanctioned compromises and settlements between offender and victim so long as detention is not used to induce an agreement.
Butler v. State, 544 So.2d 816, 821 (Miss.1989) (citing Falco Inc. v. Bates, 30 Ill. App.3d 570, 334 N.E.2d 169, 170 (1975)). In State v. Dexter, 276 Kan. 909, 80 P.3d 1125, 1131 (2003), the Supreme Court of Kansas found that unless the defendant agreed as part of his plea agreement “to pay for losses not caused directly or indirectly by the defendant’s crime,” a district court “may only order restitution for losses or damages caused by the crime or crimes for which the defendant was convicted!.]” Smith acknowledged that the bank was pursuing a civil action in an attempt obtain restitution. We can only presume from the remarks made at the hearing that the bank had filed a separate civil action, which was not included in the record, and $34,304 was outstanding after they had recovered some of the money.[4]
¶ 11. Therefore, Smith stated no objection to paying restitution to the bank, and he did not protest the court’s finding that he admitted to the forgery charges (i.e., “criminal activities”). In his PCR motion, Smith admitted that “he did agree in plea negotiations to make restitution” for both the shoplifting and forgery charges. In his appellate brief, he again notes that, as part of his plea bargain, “he agreed to pay restitution of approximately $34,304.00.” Consequently, we find the circuit court’s order of restitution did not constitute error.
II. Whether Smith’s rights to due process were violated.
¶ 12. The order for restitution stated that the bank was entitled to a judgment against Smith for $34,304, “for all of which let execution issue, specifically including execution against any of the defendant’s vehicles and/or personal property seized by law enforcement authorities.” After the circuit court ordered restitution, a writ of garnishment was issued three days later against the Natchez Police Department (the garnishee-defendant) “to hold all such personal property and effects in its possession for the benefit of Britton & Koontz First National Bank as the same is now bound in the hands of the Natchez Police Department for the benefit of Britton & Koontz First National Bank and deliver possession of the same to Britton & Koontz upon answering this writ.”
¶ 13. Smith contends that the taking of his personal property by the bank violated his due-process rights. In the order denying Smith’s PCR motion, the circuit judge stated:
The Court does not have jurisdiction to address the defendant’s claim regarding a violation of his due process rights as to his personal property. Notwithstanding, the Court finds that he is not entitled to any relief on the merits, as there was a civil matter, which resolved the disposition as to his personal property as a result of his criminal activities.
However, Smith argues that the circuit court clearly held that he was entitled to *1193 “get back” his personal property, citing the following exchange:
BY THE COURT: Mr. Smith, as I understand, there were some matters taken out of your house that were seized?
BY THE DEFENDANT: Yes, sir.
BY THE COURT: I’ll order they be returned to the custody of family members, the ones that are not subject to — that doesn’t belong to someone else that he’s entitled to get back. I’ll give a reasonable time to get that done.
(Emphasis added).
¶ 14. We agree with the circuit court’s holding that he did “not have jurisdiction to address the defendant’s claim regarding a violation of his due process rights as to his personal property.” The issue addresses the civil action taken by the bank when it filed a writ of garnishment, not Smith’s order of restitution. See Cooper v. Estate of Gatwood, 119 So.3d 1031, 1038 (¶ 23) (Miss.2013) (“[A] garnishment proceeding is in the nature of a civil action[.]”).
 ¶ 15. Notwithstanding, we find no merit to Smith’s argument. The supreme court has noted:
The federal constitution provides that no state shall “deprive any person of life, liberty, or property, without due process of law.” U.S. Const. Amend. XIV(l). The Mississippi Constitution’s counterpart provision reads, “no person shall be deprived of life, liberty, or property except by due process of law.” Miss. Const. Art. 3, § 14.
Trainer v. State, 930 So.2d 373, 381 (¶ 16) (Miss.2006). Due process is satisfied when the interested parties are given “notice reasonably calculated, under all the circumstances, to apprise [them] of the pen-dency of the action and afford them an opportunity to present their objections.” Mullane v. Cent. Hanover Bank & Trust Co., 339 U.S. 306, 314, 70 S.Ct. 652, 94 L.Ed. 865 (1950). Smith was aware that his personal property had been seized by the authorities and that he was going to have to pay restitution. Smith acknowledges in brief that the items “were taken upon belief by investigators that these items were purchased with money from the forgery charges[.]”
¶ 16. Furthermore, as the circuit judge noted at the hearing, Smith was entitled to get back only those items that did not belong to someone else. Smith has not provided this Court -with any evidence that the personal property seized to satisfy the restitution was property he was entitled to get back.
¶ 17. THE JUDGMENT OF THE CIRCUIT COURT OF ADAMS COUNTY DENYING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO ADAMS COUNTY.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., ISHEE, ROBERTS, CARLTON, MAXWELL, FAIR AND JAMES, JJ., CONCUR.

. While Smith's appellate brief requests that this Court vacate his entire plea agreement, his PCR motion only addressed the circuit court's order of restitution for the forgery charges, not the judgment for the shoplifting conviction.

. Although Smith's notice of appeal was not filed until August 3, 2012, the circuit court granted his motion to reopen the time for appeal since Smith “did not receive notice of [the circuit court’s] Order until July 25, 2012, making a timely filing of appeal impossible.” See M.R.A.P. 4(a) & (h).

. Although the Restitution Form for Plea noted that Smith did not agree to restitution, the form referred to the case number for the felony shoplifting charge (10-KR-205-J), not the forgeries.

. The case number referenced on the court's order (and the writ of garnishment) is the case number for the criminal case for the fourteen forgeries (10-KR-0206-J).