PASTOR JOHN DALE *et al.*, Plaintiffs, *v.* GROEBE & CO., REALTORS, *et al.*, Defendants and Third-Party Plaintiffs-Appellants.—(BURBANK STATE BANK, Third-Party Defendant-Appellee.)

First District (1st Division)    No. 81-301

Opinion filed December 28, 1981.

Lee Montgomery, of Chicago, for appellants.

Mitchell S. Goldgehn and Nathan H. Lichtenstein, both of Goldgehn, Leonardo, Goldgehn & Isaacson, of Chicago, for appellee.

PRESIDING JUSTICE CAMPBELL delivered the opinion of the court:

Defendants and third-party plaintiffs, Matthew and Eleanor Marzec, appeal from an order of the circuit court of Cook County which granted the motion for summary judgment of third-party defendant, Burbank State Bank. On appeal, the Marzecs contend that the trial court erred in granting Burbank's motion because there exists a genuine issue of material fact, because Burbank is estopped from denying its mortgage loan commitment to the purchasers of the Marzecs' home and because the issue of whether Burbank misrepresented or concealed material facts from the Marzecs should be resolved by the trier of fact.

For the reasons set forth herein, we affirm.

The various pleadings, exhibits and other documents filed in this cause disclose that on May 11, 1978, the plaintiffs to this action, Pastor John Dale and the Jordan Baptist Church, Inc., made an offer to purchase the home of Matthew and Eleanor Marzec for $110,000. The Marzecs employed the services of defendant William C. Groebe & Co. to serve as their agent in arranging the sale of the residence. At the time plaintiffs executed the offer to purchase, they deposited with Groebe, as escrowee, $11,000 as earnest money. The offer to purchase was contingent upon plaintiffs obtaining financing in the amount of $99,000 for the purchase of the property within 45 days. On May 26, 1978, plaintiffs' application for a mortgage loan was approved by Burbank, subject to certain terms and conditions. On June 8, 1978, the Marzecs accepted plaintiffs' offer to purchase. The closing of the sale was scheduled to occur on or before July 20, 1978, pursuant to terms of the loan commitment.

On July 17, 1978, the Marzecs approved a contract for the purchase of a new residence. Subsequently, the Marzecs' attorney, Lee Montgomery, contacted plaintiffs and requested that the sale of the Marzec home be completed by July 20, 1978, or that plaintiffs obtain an extension

of the loan commitment from Burbank. Plaintiffs obtained an extension of the commitment until October 20, 1978. During the course of negotiations, the Marzecs removed a clause from the contract for the purchase of a new residence which would have made the purchase contingent upon the completed sale of their home to plaintiffs. The Marzecs also deposited with the seller $11,000 as earnest money.

According to the complaint, Montgomery contacted Thomas Sterba, an officer of Burbank, and requested information as to whether the financing outlined in the commitment letter would be available to plaintiffs, whether the commitment had been extended to October 1 and whether plaintiffs had complied with the terms and conditions set forth in the commitment letter. Montgomery allegedly informed Sterba that the Marzecs were in the process of negotiations for the purchase of a new home and that they needed assurances that financing would be available to plaintiffs. During his deposition, Montgomery stated that this conversation occurred on either July 26 or 27 and that this was the first of two conversations that he had with Sterba. Montgomery stated that he could not remember whether Sterba told him that the commitment had been extended or, if not, whether there would be any problem in obtaining an extension. Montgomery stated that he subsequently wrote Sterba a letter in which he informed Sterba that the Marzecs were negotiating the purchase of a new home and needed assurances that plaintiffs had financing from Burbank. He also requested that Sterba confirm in writing that the loan had been approved and accepted and that plaintiffs had satisfied all of the terms and conditions as outlined in the commitment. Sterba subsequently provided Montgomery with a copy of the commitment letter which indicated that the commitment had been extended until October 1. According to the complaint, it was only after the conversation and correspondence between Montgomery and Sterba that the Marzecs agreed to waive the clause in the contract for the purchase of a new home which would have made the purchase contingent upon the completed sale of their home to plaintiffs.

On July 31, 1978, the Marzecs informed plaintiffs that a closing of the sale of the Marzec home was to occur on September 28, 1978. On September 18, 1978, Burbank informed the Marzecs that they would not make a loan to plaintiffs because plaintiffs had failed to comply with terms and conditions of the commitment. In particular, Burbank refused to make the loan because of insufficient loan guarantors. Burbank subsequently refunded to plaintiffs the service fee of $2,400 which had been paid at the time the application for a mortgage loan was made. Because of their inability to obtain suitable financing, plaintiffs requested that Groebe return the $11,000 earnest money which was being held by Groebe. Groebe refused, and plaintiffs then filed this action.

The Marzecs were unable to complete the purchase of a new home and forfeited the $11,000 earnest money deposit to the seller. In plaintiffs' complaint, the Marzecs and Groebe were named as defendants. The complaint alleged that the Marzecs and their agent Groebe refused to refund plaintiffs' earnest money deposit. Plaintiffs' action was predicated upon the clause in the plaintiffs' contract with the Marzecs which made the sale of the property contingent upon plaintiffs obtaining suitable financing. The Marzecs filed a countercomplaint alleging that plaintiffs were in default of the contract and requested that Groebe release plaintiffs' earnest money deposit to them because of the default. The Marzecs subsequently filed a third-party complaint against Burbank. The Marzecs' third-party complaint was repeatedly stricken on motion of Burbank until the circuit court let stand their fifth amended third-party complaint. This complaint alleged that the Marzecs relied upon Burbank's representations that the bank's commitment to plaintiffs would be honored, that Burbank failed to disclose to plaintiffs that additional loan guarantors would be required to close the loan to plaintiffs and that, as a result of Burbank's actions, the Marzecs were unable to complete the purchase of a new residence and were required to forfeit their $11,000 earnest money deposit. The circuit court granted Burbank's motion for summary judgment pursuant to section 57 of the Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, par. 57).

The Marzecs contend that the trial court erred in granting Burbank's motion for summary judgment because there existed numerous issues where material facts appear to be in dispute. They assert that these material facts form the basis of their claim against Burbank on the legal theories that they are third-party beneficiaries of the loan commitment between plaintiffs and Burbank, that Burbank is estopped from denying its loan commitment to plaintiffs under the doctrine of promissory estoppel and that Burbank is estopped from denying its commitment to plaintiffs under the doctrine of equitable estoppel.

A motion for summary judgment will only be granted where the pleadings, affidavits, depositions and other documents demonstrate that there is no genuine issue of material fact which would warrant trying the case. (*McCann v. Bethesda Hospital* (1979), 80 Ill. App. 3d 544, 400 N.E.2d 16.) The trial court should construe the pleadings and other documents in favor of the nonmoving party and strictly against the movant. (*Shockley v. Ryder Truck Rental, Inc.* (1979), 74 Ill. App. 3d 89, 392 N.E.2d 675.) Although there may exist an issue of fact, the trial court, when viewing the evidence in the light most favorable to the nonmoving party, may grant summary judgment where it concludes that, as a matter of law, no liability exists. *McCann v. Bethesda Hospital.*

■■ With the foregoing principles in mind, we conclude that the trial

court did not err in granting Burbank's motion for summary judgment because, as a matter of law, the pleadings and other documents filed in this cause fail to establish the liability of Burbank. The Marzecs' first theory of recovery is predicated upon their claim that they are the third-party beneficiaries of the loan commitment agreement between plaintiffs and Burbank. As a general rule, only a party to a contract or those in privity with him may sue to enforce a contract. In order for a party to assert the rights of a third-party beneficiary, the party must demonstrate that the benefit received was direct and not incidental to the contract. (*David v. J. Elrod Realtors on Devon, Inc.* (1979), 75 Ill. App. 3d 449, 394 N.E.2d 583.) Our review of the record and the arguments of the parties leads us to conclude that the Marzecs have failed to demonstrate that they are anything more than mere incidental beneficiaries to the loan commitment agreement. Therefore, as a matter of law, the Marzecs are not entitled to maintain an action as third-party beneficiaries and Burbank is entitled to judgment.

■■ The Marzecs' second theory of recovery is that Burbank is estopped from denying the loan commitment to plaintiffs. In support of their position, the Marzecs rely upon *Morrison v. Home Savings & Loan Association* (1959), 175 Cal. App. 2d 765, 346 P. 2d 917. In order to maintain an action for promissory estoppel, the law requires that: (1) there is a promise which is unambiguous in its terms; (2) there is reliance by the party to whom the promise is made; (3) the reliance is expected and foreseeable by the party making the promise; and (4) the party to whom the promise is made relies upon the promise to his detriment. (*St. Joseph Data Service, Inc. v. Thomas Jefferson Life Insurance Company of America* (1979), 73 Ill. App. 3d 935, 393 N.E.2d 611.) In *Morrison*, these four elements arguably were present, and the court held that the pleadings were sufficient to withstand a motion to dismiss. In the instant case, the depositions of the Marzecs and their attorney clearly indicate that there was no promise made to them by Burbank concerning its loan commitment to plaintiffs, nor were there any statements which allegedly were made by Burbank which could be construed as a promise. Accordingly, Burbank is entitled to judgment as a matter of law.

■■ The Marzecs' final theory of recovery is that Burbank is estopped from denying its commitment to plaintiffs because Burbank misrepresented or omitted certain material facts concerning the loan commitment to plaintiffs. Equitable estoppel applies where: (1) a party has made some misrepresentation or omission of a material fact; (2) that party has knowledge, either actual or implied, that the representations were false at the time that they were made; (3) the other party was not aware that the representations were false both at the time that they were made and the time that they were acted upon; (4) the party making the representations

intended or expected the representations to be acted upon; (5) the party to whom the representations were made did in fact rely upon the representations; and (6) the party acting upon the representations would be prejudiced unless the party making the representations was estopped. (*Strom International, Ltd. v. Spar Warehouse & Distributors, Inc.* (1979), 69 Ill. App. 3d 696, 388 N.E.2d 108.) In the instant case, the Marzecs refer to facts in their briefs which arguably might lead to a finding of estoppel. However, none of these facts appears anywhere in the record. Further, those documents and depositions which the Marzecs claim support their contention do not indicate that Burbank made any omission or misrepresentation of any material facts. Therefore, there exists no issue of fact as claimed by the Marzecs and Burbank is entitled to judgment as a matter of law.

Accordingly, the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

GOLDBERG and O'CONNOR, JJ., concur.