192 N.J. Super. 594 (1984)
471 A.2d 809
EUGENE CASTIGLIONI, PLAINTIFF,
v.
IRENE CASTIGLIONI, DEFENDANT.
Superior Court of New Jersey, Chancery Division Family Part, Bergen County.
Decided January 5, 1984.
*595 Frank W. Jablonski for plaintiff. Gillespie, Gillespie & Jablonski.
Robert J. Tafuri for defendant. Draesel, Sunshine, Atkins & November.
*596 SORKOW, J.S.C., P.J.F.P.
On June 26, 1981, the Supreme Court of the United States ruled that military pensions were not includable in a marital estate for purposes of equitable distribution. McCarty v. McCarty, 453 U.S. 210, 101 S.Ct. 2728, 69 L.Ed.2d 589 (1981). The Congress of the United States by passage of the Uniformed Services Former Spouses' Protection Act, 10 U.S.C. § 1408 (effective February 1, 1983) legislated that military pensions may be included in the marital estates for purposes of equitable distribution from June 26, 1981, in accordance with the law of each state.
By motion, defendant wife seeks to modify her March 31, 1982, divorce judgment by having her former husband's military pension included in the marital estate and equitably distributed.
The parties agreed upon the terms of a settlement which was placed on the court's record and incorporated into the judgment of divorce. The settlement did not address the vested military pension because such an asset was excluded from the marital estate in March, 1982. McCarty v. McCarty, supra.
The issue raised by defendant's motion is whether the judgment should be reopened for the purpose of receiving additional evidence to allow the retroactive application of the Uniformed Services Former Spouses' Protection Act (hereinafter USFSPA).
USFSPA provides that a court may treat a military pension after June 25, 1981, either as the sole property of the member of the armed forces or as the property of both the member and the spouse, in accordance with the law of the jurisdiction. The legislative history of the Act makes it clear that the Act was intended to apply to court orders finalized on the date of or after the McCarty decision. House Conf.Rept. No. 97-749, U.S.Code Cong. & Admin.News 1982, p. 1555 (Aug. 16, 1982). The Senate Report specifically states that the provisions of the bill reversing the effect of the McCarty decision are retroactive to the date of the decision. It further provides that "(f)ormer spouses divorced in the interim period between the McCarty *597 decision and the effective date of this law will have the opportunity to return to court to have their decrees modified in light of this legislation." Sen.Rept. No. 97-502 (July 22, 1982).
This case appears to be one of first impression in New Jersey. However, courts of sister states have already addressed the retroactivity issue and have concluded that judgments entered between June 26, 1981, and February 1, 1983, may be reopened to address the pension question. Smith v. Smith, Del. Fam. Ct., 458 A.2d 711 (Kent County 1983). In Re Ankenman 142 Cal. App.3d 833, 191 Cal. Rptr. 292 (1st Dist. 1983). Gordon v. Gordon 659 S.W.2d 475 (Tex. App. 13th Dist. 1983).
Retroactive application of New Jersey's equitable distribution statute has been sustained. Rothman v. Rothman, 65 N.J. 219 (1974); Gibbons v. Gibbons, 86 N.J. 515 (1981).
It is well settled that New Jersey allows equitable distribution of pensions. Kruger v. Kruger, 73 N.J. 464 (1977) and Kikkert v. Kikkert, 88 N.J. 4 (1981).
The stated Congressional intent, the equities of reopening the judgment as against not doing so, the attendant equal protection and due process arguments that could persuasively be made by not permitting a reopening, and the fact that USFSPA has removed federal pre-emption from this subject matter lead this court to hold that it is appropriate to retroactively apply the Uniformed Services Former Spouses' Protection Act in New Jersey for purposes of determining the equitable distribution of a military pension.
Having determined retroactivity of the statute and inclusion of a pension in the marital estate, can the judgment be amended? Defendant wife relies on R. 4:50-1(f), which permits the court to relieve a party from a final judgment for "any other reason justifying relief." An application pursuant to R. 4:50-1(f) must be brought within a reasonable period of time, R. 4:50-2, and the party requesting relief must show that enforcement of the judgment would be unjust, oppressive or inequitable. *598 Quagliato v. Bodner, 115 N.J. Super. 133 (App.Div. 1971). The wife argues and the court finds that because the divorce judgment was entered in that time warp between McCarty, supra, and USFSPA, it would be unjust and inequitable to enforce that judgment if the husband's military pension was not included in the marital estate for settlement or negotiation purposes. Defendant wife's application was made 5 1/2 months after the effective date of USFSPA. Under the circumstances, this is not an unreasonable period of time within the meaning of R. 4:50-2.
Does it make any difference in the conclusions being reached herein that the issues between the parties were resolved by negotiated settlement and not a full bench trial? This court holds that R. 4:50-1 applies equally to both of the aforementioned resolutions. The overriding purpose of the act was to correct the injustice of the McCarty decision. If the pension was not considered because of McCarty, refusal to allow defendant relief would penalize litigants whose cases were decided in the period between McCarty, supra, and USFSPA.
Plaintiff argues that defendant's relinquishing and abandoning any and all claims for future payments precludes modification of the settlement agreement. In Smith v. Smith, 72 N.J. 350 (1977), the New Jersey Supreme Court set aside a settlement agreement despite a similar release provision because it found that the contemplated rights were not within the scope of the release involved. Thus, the court allowed the trial court to hold a hearing to consider equitable distribution of property that existed at the time of the agreement which was entered into prior to the enactment of the equitable distribution statute. Likewise, in Hipsley v. Hipsley, 161 N.J. Super. 119 (Ch.Div. 1978) the trial court found that a similar release clause did not constitute a waiver of the wife's right to an interest in the husband's pension where it was clear that the parties never considered the husband's pension in reaching the terms of the agreement. This court finds that the release provision in the *599 parties' settlement agreement does not encompass the defendant wife's right to an interest in the plaintiff's military pension if the pension was not considered in reaching the terms of their agreement.
In summary, this court finds that judgments of divorce entered between the date of McCarty (June 26, 1981) and the effective date of the Uniformed Services Former Spouses' Protection Act (February 1, 1983), may be reopened for the purposes of receiving additional evidence and argument with respect to valuation and equitable distribution of a party's military pension. Whether the judgment in the instant case should be amended will abide a plenary hearing on the issue.
The parties hereto may have discovery as may be required within 90 days of the order to be submitted.
Counsel for defendant will submit an order in accordance with the foregoing opinion.