NOT FOR PUBLICATION WITHOUT APPROVAL OF
THE TAX COURT COMMITTEE ON OPINIONS

_____
                              :
CHRISTOPHER MATTHEW JOHNSON,   : TAX COURT OF NEW JERSEY
                              : DOCKET NO:  000249-2017
          Plaintiff,          :
                              :
     vs.                       :
                              :
TOWNSHIP OF EGG HARBOR,        :
                              :
          Defendant.          :
_____:


          Decided: March 9, 2018

          Christopher Johnson, Plaintiff.

          Thomas G. Smith, attorney for Defendant.


**CIMINO, J.T.C.**

     This is taxpayer Christopher Matthew Johnson's Motion for Reconsideration.  Taxpayer sought exemption from property taxes for his residence on the basis he is an eligible disabled veteran.  The basis for the dismissal is set forth in the court's opinion of November 16, 2017.  For the reasons set forth more fully below, taxpayer's Motion for Reconsideration is denied.

     Taxpayer entered active duty with the United States Marine Corps on September 8, 1997.  His initial duty was stateside in South Carolina, North Carolina, and California.  He was thereafter stationed in Okinawa, Japan, from 2001 to September, 2002.  His

-1-

primary specialty was ground radio intermediate repair, which required him to repair various types of communications equipment for military vehicles and fixed locations. For a time, he became a Sergeant of the Guard for Camp Courtney's Anti-Terrorism Response Force in Okinawa, Japan. As the Sergeant of the Guard, he had the responsibility of posting sentries with live ammunition at strategic points on the base to ensure against any sort of terrorist attack. In addition, at one point he had to secure a mailroom due to a mail bomb threat. He completed his service on September 7, 2002 receiving an honorable discharge and completing exactly five years of active duty.

During his service, the taxpayer received a number of medals and commendations. The most relevant for the purposes of this decision are the Global War on Terrorism Service Medal and the commendation presented to the Third Marine Expeditionary Force and Marine Corps Bases, Japan.

Correspondence presented to this court from the Department of Veterans Affairs indicates that the taxpayer is "considered to be totally and permanently disabled due solely to service connected disabilities."

On July 15, 2016, the taxpayer made an application for a tax exemption on his dwelling house as a result of his disability status. By letter dated August 2, 2016, the exemption was denied since he did not serve 14 days in an actual combat zone.

-2-

Thereafter, he appealed to the Atlantic County Board of Taxation which upheld the decision of the assessor. On January 20, 2017, the taxpayer filed a complaint with this court challenging the decision of the Board of Taxation. Taxpayer then filed a motion for summary judgment claiming he was entitled to the exemption. The Township cross-moved for summary judgment seeking a decision upholding the decision of the County Tax Board.

This court determined that the taxpayer met the temporal requirements for the exemption as set by the statute, but did not meet the non-temporal requirements then imposed by the legislature. As a result, the matter was dismissed.

The taxpayer moves for reconsideration. The rule allowing reconsideration is particularly useful when an opinion or order deals with un-litigated or un-argued matters. Calcaterra v. Calcaterra, 206 N.J. Super. 398, 403-04 (App. Div. 1986). The rule is applicable only when the court's decision is based on plainly incorrect reasoning or when the court fails to consider evidence or there was good reason for the court to reconsider new information. Cummings v. Bahr, 295 N.J. Super 374, 384 (App. Div. 1996).

At the time of the court's denial of the exemption, legislation was pending to amend the provisions dealing with veteran's tax exemptions. The court noted that in the event the legislation was enacted into law in the current term, the court,

upon application to the taxpayer, would certainly reconsider whether this constitutes a basis for relief pursuant to R. 4:50-1(f). See Castiglioni v. Castiglioni, 192 N.J. Super. 594, 597-98 (Ch. Div. 1984)(change in federal law respecting military pension distributability undoing prior Supreme Court decision held to constitute a basis for subparagraph (f) relief.); See also Edgerton v. Edgerton, 203 N.J. Super. 160, 170 (App. Div. 1985). In light of the Legislature's recent enactment, the court will consider taxpayer's Motion for Reconsideration to at least address the retroactivity of the newly enacted Statute.

In the recent past, this court has dealt with disabled veterans property tax exemptions in Wellington v. Township of Hillsborough, 27 N.J. Tax 37 (Tax 2012); Fisher, 29 N.J. Tax 91 (Tax 2016), aff'd, 450 N.J. Super. 610 (App. Div. 2017); and Galloway Township v. Duncan, 29 N.J. Tax 520 (Tax 2016). In addition, the Appellate Division weighed in with its affirmance of this court's decision in Fisher.

The State Constitution authorized the Legislature to grant veteran's property tax exemptions. See N.J. Const., art. VIII, § 1, ¶ 3. Fisher, 450 N.J. Super. at 614. Resultantly, the Legislature provided a total exemption for veterans honorably discharged who served in active service at a time of war and have been declared disabled as a result of their service. Entitlement to the exemption from real property taxes requires a party to prove

−4−

(1) he or she is a citizen and resident of this State, (2) now or hereafter honorably discharged or released under honorable circumstances, (3) from active service in a time of war, (4) in any branch or unit of the armed forces of the United States, (5) who has been or shall be declared by the United States Veterans Administration or its successor to have a service connected disability declared by the United States Veterans Administration or its successor to be a total or 100% permanent disability sustained through enemy action, or accident, or resulting from disease contracted while in such active service. Id. at 615, (citing Wellington, supra, 27 N.J. Tax at 48).

Like Wellington, Fisher and Duncan which previously came before this court, the only question is whether taxpayer satisfies the third element, which is whether his service was in active service in time of war. The court must "remain mindful taxation is the rule and a claimant bears the burden of proving an exemption." Fisher, 450 N.J. Super. at 615, (citing New Jersey Carpenters Apprentice Training and Educ. Fund v. Borough of Kenilworth, 147 N.J. 171, 177 (1996), cert. den., 520 U.S. 1241 (1997)). The phrase "active service in time of war" as used, is a defined term, which means the "periods of time set forth in [N.J.S.A. 54:4-8.10]." N.J.S.A. 54:4-3.33a.

Earlier Legislatures only imposed a temporal requirement. Only service during the time of the conflict, not a specific type

of duty was necessary.  See, e.g., L. 1952, c. 231, § 1 (Korean Conflict); L. 1972, c. 166, § 4 (Vietnam Conflict).  Generally, this broadness continued until amendment in 1991.[1]

In 1991, the Legislature departed from imposing just a temporal requirement for conflicts that were to be added to the list of eligible conflicts.  Instead, the Legislature started tightening the standard for entitlement to the exemption by introducing non-temporal requirements.  Thus, when the Legislature amended the statute in 1991 to include service in Lebanon (1982)[2], Grenada (1983), Panama (1989) and Desert Storm/Shield (1990), the Legislature tightened the standard for entitlement in those conflicts to include not only a temporal limitation, but also a geographic limitation as well. L. 1991, c. 390, § 7.[3]  In other words, more than military service during the time of conflict was necessary.  Instead, the Legislature mandated that the service occur in the corresponding geographic region of the conflict. Moreover, the Legislature also imposed a 14-day length of service in the specified geographic region. Id.  Thus, 1991 marked the

---

[1] The requirements for United States military service in Russia from April 6, 1917 to April 1, 1920 seemingly contained a geographic requirement.  L. 1969, c. 286, § 1.

[2] Dates in parenthesis are the inception dates of the respective conflicts.

[3] The amendments in 1991 and thereafter did not change the standards set for conflicts already included by the Legislature.

beginning of a series of Legislative amendments which narrowed the number of veterans eligible for the benefit.

In 1998, the Legislature further tightened and narrowed the class of eligible veterans by requiring service in "direct support" of the military operation. The 1998 amendment included Operation Restore Hope (Somalia, 1992) and Operation Joint Guard/Endeavor (Bosnia, 1995). L. 1998, c. 49, § 2. For both of these military operations, the Legislature chose once again to set forth geographic limitations, as well as the 14-day length of service. Notably, the "direct support" provision was only specified for Operation Joint Endeavor/Guard (Bosnia 1995), but not Operation Restore Hope (Somalia 1992).[4]

Three subsequent legislative amendments in 2003, 2005 and 2017 also contained a geographic requirement as well as a direct support requirement. These amendments added Operation Northern/Southern Watch (Iraq no fly zone, 1992), Operation Iraqi Freedom (2003), Operation Enduring Freedom (2001) and World Trade Center Rescue and Recovery to the list. L. 2003, c. 197, § 5; L. 2005, c. 64, § 5; L. 2017, c. 134, § 1. For a veteran's service to qualify, the Legislature required for all four of these operations

---

[4] When the statute was amended in 2001 to include the much earlier 1958 Lebanon Crisis, the requirement of direct support was not included. L. 2001, c. 127, § 6. It is unclear whether the requirement was absent because eligible conflicts immediately subsequent to the 1958 Lebanon crisis did not require "direct support" (i.e., Vietnam, Lebanon (1982), Grenada, Panama).

-7-

either service in a specific geographic area or in the general theater of operation. The Legislature also required the service member provide direct support and set forth a minimum 14-day length of service.

Thus, over time with successive military actions, the Legislature chose to tighten the qualifying requirements for the exemption. However, on January 9, 2018, the Governor signed into law Chapter 367, enacting substantial changes to the Disabled Veteran's Property Tax deduction. L. 2017, c. 367. Chapter 367 amended N.J.S.A. 54:4-3.33a to create a subsection (a) to make clear that the temporal periods as set forth for the various conflicts as delineated by N.J.S.A. 54:4-8.10 still apply. However, Chapter 367 also added subsection (b) to N.J.S.A. 54:4-3.33a addressing the non-temporal requirements:

> "active service in time of war" shall mean active service during a time period specified in the definition of "active service time of war" in [N.J.S.A. 54:4-8.10] but shall not require minimum length of continuous or aggregate service in any foreign country, on board any ship or naval vessel, or in any foreign airspace, and shall also not require that the service-connected disability suffered by a veteran shall have occurred during continuous or aggregate service in any foreign country, on board any ship or naval vessel, or in any foreign airspace.
>
> [L. 2017, c. 367, § 2(b).]

Finally, the Law provides that the Act shall take effect immediately.

As stated, the Law was signed into effect on January 9, 2018 and is effective going forward from that date. While the law seemingly broadens the eligibility for the exemption, the Legislature made a clear and unmistakable decision not to have the law apply retroactively to prior tax years. It certainly was within the Legislature's prerogative to make the law retroactive if it so chose, but it did not. As a result, the court is constrained to deny taxpayer's Motion for Reconsideration since the statute is not retroactive.

The statute at issue here requires service "in a theater of operation and in direct support of that operation" for Operation Enduring Freedom. N.J.S.A. 54:4-8.10(a). Other operations that mention direct support use similar language. Id. Whether in eliminating the geographic "theater of operation" requirement through Chapter 367, the Legislature intended to effectively eliminate the direct support requirement awaits a determination from this court only when the issue presents itself. Likewise, whether the amended statute also effectively abrogates the need for direct support as discussed by this court in Wellington, Fisher and Duncan, and the Appellate Division in Fisher, remains for another day in which the issue squarely presents itself. The issue is not now before the court.

However, this decision certainly does not bar the taxpayer from making an application for the 2018 tax year to his local municipality for a determination of eligibility.

For the foregoing reasons, taxpayer's Motion for Reconsideration is denied.